UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| GENE LEMAY BARRIS, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | Case No. 1:18-CV-00077-JAR |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Movant Gene Lemay Barris' Third Amended Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 24) and Motion for an Evidentiary Hearing. (Doc. 20). Respondent United States of America responded (Doc. 26), and Movant filed a reply. (Doc. 28). Movant has also filed a supplement to his third amended motion (Doc. 27), and Respondent has responded to the supplement. (Doc. 29). For the reasons discussed below, the motions will be denied.

### I.   BACKGROUND

On September 15, 2014, Movant signed a guilty plea agreement admitting violations of 21 U.S.C. § 841(a)(1) by having knowingly possessed methamphetamine with intent to distribute (Count I) and 18 U.S.C. § 922(g)(1) by having previously been convicted of a crime punishable by imprisonment for a term exceeding one year, thereafter knowingly possessed a firearm, and at some point transported such firearm across state lines or a boundary of the United States (Count II). *United States v. Barris*, Case No. 1:14-CR-00002-JAR (E.D. Mo.), Doc. 37 (hereinafter "*Barris Criminal Case*"). On December 15, 2014, Movant was sentenced to 216 months imprisonment for each count, such terms to be served concurrently. *Id.*, Doc. 54. Movant's

1

sentence under 18 U.S.C. 922(g)(1) was enhanced pursuant to the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA"), and because Movant was classified as a career offender under the U.S. Sentencing Guidelines, U.S.S.G. § 4B1.2(a) ("Career Offender Provision").

Movant subsequently filed a motion pursuant to 28 U.S.C. § 2255 arguing that he did not have three or more qualifying convictions as required for enhancement under the ACCA and Career Offender Provision. *Barris v. USA*, Case No. 1:16-cv-00207-JAR (E.D. Mo.) (hereinafter "*Barris Prior Habeas*"), Docs. 8, 10. This Court granted the motion and ordered re-sentencing after finding that Movant did not have three or more predicate offenses at the time he committed the applicable offenses. *Barris Prior Habeas*, Doc. 14. On March 20, 2017, this Court held a resentencing hearing and resentenced Movant to concurrent terms of 204 months on Count I and 120 months on Count II. *Barris Criminal Case*, Doc. 71.

Movant has now filed a Third Amended Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 alleging various constitutional deficiencies relating to the above proceedings. This Court will construe the motion liberally given Movant's pro se status. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Movant brings the following grounds for relief:

> *Ground 1*: Movant's initial attorney ("Initial Counsel") rendered ineffective assistance by (a) waiving Movant's right to a suppression hearing regarding the relevant drug amounts; (b) advising Movant that disputing the quantity of drugs could affect Movant's acceptance of responsibility points; (c) permitting the Court to make a factual finding on drug amount and waiving the right to a jury; and (d) failing to file a direct appeal. (Doc. 24 at 4).
>
> *Ground 2*: Movant's attorney from the Federal Public Defender's office ("FPD Counsel") had a conflict of interest and rendered ineffective assistance by failing to file an appeal pursuant to the Supreme Court's decision in *Johnson v. United States*, 576 U.S. 591 (2015). (*Id.* at 5).
>
> *Ground 3*: Movant's attorney at the resentencing hearing ("Resentencing Counsel") failed to make various arguments that would have resulted in a downward variance. (*Id.* at 7).

*Ground 4*: This Court did not grant a downward departure in part because the United States Probation Office failed to properly define a prison altercation involving Movant. (*Id.* at 13-15).

*Ground 5*: The U.S. Attorney impermissibly threatened a sentencing enhancement. (Doc. 27).

## II.     LEGAL STANDARD

A § 2255 movant is entitled to relief when his sentence "was imposed in violation of the Constitution or laws of the United States." *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011) (citing 28 U.S.C. § 2255). The movant must show that the claimed error "amount[s] to a 'fundamental defect which inherently results in a complete miscarriage of justice.'" *Rhodes v. United States*, No. 4:15-CV-432 JAR, 2018 WL 950223 (E.D. Mo. Feb. 20, 2018) (quoting *Davis v. United States*, 417 U.S. 333 (1974)).

"When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged," however, "he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of a guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 266 (1973). "Collateral review of a guilty plea is therefore 'ordinarily confined to whether the underlying plea was both counseled and voluntary.'" *Green v. United States*, No. 1:09-CV-34 CAS, 2012 WL 760891, at *5 (E.D. Mo. Mar. 7, 2012) (quoting *United States v. Broce*, 488 U.S. 563, 569 (1989)).

## III.    ANALYSIS

INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS

To prove ineffective assistance of counsel, Movant must show that his attorney's performance was objectively unreasonable and that he was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). It is Movant's "burden to overcome the strong presumption

3

that counsel's actions constituted objectively reasonable strategy under the circumstances." *Becht v. United States*, 403 F.3d 541, 545 (8th Cir. 2005) (quoting *Schumacher v. Hopkins*, 83 F.3d 1034, 1037 (8th Cir. 1996)). To establish prejudice, Movant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "It is not sufficient for a defendant to show that the error had some 'conceivable effect' on the result of the proceeding because not every error that influences a proceeding undermines the reliability of the outcome of the proceeding." *Odem v. Hopkins*, 382 F.3d 846, 851 (8th Cir. 2004) (quoting *Strickland*, 466 U.S. at 693).

Before addressing Movant's substantive ineffective of assistance of counsel claims, the Court notes that Movant clearly affirmed at his change of plea hearing that he had enough time to consult with counsel and Initial Counsel did "[e]verything and more" to assist him with his case. *Barris Criminal Case*, Doc. 81 at 7-8. Movant made similar representations at his resentencing hearing regarding Resentencing Counsel. *Barris Criminal Case*, Doc. 78 at 6-7.

## CLAIMS REGARDING INITIAL COUNSEL

Under the Antiterrorism and Effective Death Penalty Act of 1996, a federal inmate seeking relief under 28 U.S.C. § 2255 must first receive certification from the court of appeals to file a second or successive motion. In *Magwood v. Patterson*, the Supreme Court held that a subsequent petition under 28 U.S.C. § 2254 after an initial petition resulted in resentencing was not "second or successive." 561 U.S. 320 (2010). The Eighth Circuit has stated the *Magwood* rule clearly: "If there is a new sentencing between two habeas petitions, a subsequent habeas application *challenging the new judgment* is not successive." *Collins v. United States*, No. 19-2321, 2020 WL 5626152, at *1 (8th Cir. Sept. 21, 2020) (per curiam) (emphasis added). The Eighth Circuit has also held that *Magwood* applies to motions brought pursuant to § 2255. *Dyab v. United States*, 855

4

F.3d 919, 923 (8th Cir. 2017). For a § 2255 motion, "it is well established that '[t]he sentence is the judgment.'" *United States v. Brown*, 915 F.3d 1200, 1202 (8th Cir. 2019) (quoting *Berman v. United States*, 302 U.S. 211, 212 (1937)).

There is a circuit split as to whether the Supreme Court's holding in *Magwood* applies to a petitioner who subsequently challenges an undisturbed element of the underlying conviction, as Movant does here. *See generally* Megan Volin, *Defining "Second or Successive" Habeas Petitions after* Magwood, 85 U. CHI. L. REV. 1545 (2018). It does not appear that the Eighth Circuit has addressed this specific question. *See Davis v. Kelley*, No. 5:19-CV-00147 JM/PSH, 2019 WL 6170858, at *3 n.1 (E.D. Ark. 2019) ("[T]here does not appear to be any Eighth Circuit precedent on this issue."). The Eighth Circuit's recent decision in *Collins* provides some guidance. In *Collins*, the movant's initial § 2255 motion was granted in part and the court entered an amended judgment. The movant then filed another § 2255 motion "asserting claims concerning both his attorney in the original criminal proceedings and his attorney for the first section 2255 proceedings." *Collins*, 2020 WL 5626152, at *1. The district court dismissed the motion entirely on the grounds that it was an unauthorized successive motion. The Eighth Circuit, however, vacated the district court's dismissal "only as to [the movant's] claim that his attorney failed to honor his request to file a [notice of appeal] from the amended judgment" and remanded for further proceedings. *Id.*

Grounds 1(a) and 1(c) of Movant's current motion concern Initial Counsel's alleged ineffective assistance as to Movant's initial guilty plea.[1] A reasonable argument can be made that these are undisturbed elements of Movant's underlying conviction and, according to most courts of appeal which have addressed the issue, can be challenged following the entry of an amended judgment. Grounds 1(b) and 1(d), alternatively, exclusively relate to Movant's initial sentencing.

---

[1] This is also applicable to Ground 5, concerning the U.S. Attorney's allegedly illegitimate threat of a sentencing enhancement.

5

In *Magwood*, the movant's "claim of ineffective assistance at resentencing turn[ed] upon new errors." *Magwood*, 561 U.S. at 339. Grounds 1(b) and 1(d) do not challenge the legitimacy of the amended judgment in any meaningful respect and are arguably subject to dismissal. Given the substantial legal uncertainty on this issue, however, the Court will address all of Ground 1 on the merits.[2]

*Ground 1(a): Initial Counsel rendered ineffective assistance by waiving Movant's right to a suppression hearing regarding the relevant drug amounts.*

Movant argues that Initial Counsel rendered ineffective assistance by waiving Movant's right to a suppression hearing because Movant could have demonstrated that an informant was lying regarding the relevant conduct. (Doc. 24 at 8). Movant's only factual basis for this argument is that the underling drug amount in his presentence report ("PSR") "changed several times" showing "that the government could not make up [its] mind about how much [relevant] conduct to put in [the] PSR." (Doc. 24 at 8-9). As Respondent notes, the PSR stated that a "reasonable determination of the amount distributed would be 6.58 kilograms" but the "parties agreed that the [Movant] is accountable for . . . 2.2 kilograms." *Barris Criminal Case*, Doc. 65-2 at 5. It was entirely reasonable for Initial Counsel to accept this lower amount where the government believed it could have proven Movant's attempt to distribute 6.58 kilograms.[3]

At Movant's change of plea hearing, moreover, the following exchange occurred:

> The Court: Okay. And you believe that the base offense level that will apply is an offense level 34, and that's based on the quantity of methamphetamine for which

---

[2] If these grounds were second or successive, the present motion would be "mixed" because it would include claims that are second or successive (and therefore require court of appeals certification) and others that are not. The Eighth Circuit has held, in the context of a 28 U.S.C. § 2254 petition, that a "prisoner who raises habeas claims that require § 2244(b) authorization, mixed with claims that do not, should be given the option of seeking authorization from the court of appeals for his 'second or successive' claims, or of amending his petition to delete those claims so he can proceed with the claims that require no authorization." *Pennington v. Norris*, 257 F.3d 857, 859 (8th Cir. 2001). This Court is not aware of any case formally extending this rule to claims under § 2255. Accordingly, even if the Petition were deemed mixed, the Court could still proceed to address the merits of Petitioner's claims.

[3] In his reply, Movant appears to admit that 2.2 kilograms is the "right amount." (Doc. 28 at 1).

6

>you are being held accountable of being that 81.5 grams of a mixture or substance containing methamphetamine, including relevant conduct, which would then translate to 2.2 kilograms. And you understand that, is that correct, sir?
>
>Movant: Yes, sir, I do.

*Barris Criminal Case*, Doc. 81 at 19-20.[4] After Movant repeatedly affirmed that he understood the nature of the proceedings, the Court found that Movant's guilty plea was made "freely, voluntarily, intelligently and with a full understanding of the charges and consequences." *Id.* at 27. "Solemn declarations in open court carry a strong presumption of verity.'" *United States v. Fitzhugh*, 78 F.3d 1326, 1329 (8th Cir. 1996) (quoting *Blackledge v. Allison*, 431 U.S. 63, 75 (1977)). Movant's current allegation, that an informant was lying about the underlying drug amount, is "unsupported by specifics" and "cannot overcome the solemn declaration at his plea hearing." *Hill v. United States*, No. 17-00545-CV-W-DGJ-P, 2017 WL 11500374, at *5 (W.D. Mo. Nov. 1, 2017).

Movant has not established a reasonable probability that a suppression hearing would have bene successful. Moreover, his voluntary statements at the plea hearing explicitly contradict the current claim. Initial Counsel's decision not to request a suppression hearing was neither objectively unreasonable nor prejudicial.

*Ground 1(b): Initial Counsel rendered ineffective assistance by advising Movant that disputing the drug quantity could affect his acceptance of responsibility points.*

Movant argues that Initial Counsel rendered ineffective assistance by advising him that contesting the drug amount could preclude his receiving acceptance of responsibility points. Per *Strickland*, such advice is only ineffective if it was objectively unreasonable and prejudicial. The Application Notes to the U.S. Sentencing Guidelines explicitly state that a "defendant who falsely

---

[4] At the resentencing hearing, Movant again acknowledged that he had reviewed the PSR and had no objections to its factual statements. *Barris Criminal Case*, Doc. 78 at 11.

7

denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility." U.S.S.G. § 3E1.1 cmt. n.1(a).

Movant correctly notes that this Application Note has recently been amended to reflect that a defendant should not lose acceptance of responsibility points for making a good faith challenge to relevant conduct. Such amendment was effective November 1, 2018, after Movant's resentencing. Regardless, Initial Counsel made a reasonable determination that challenging the relevant conduct could be seen as frivolous, especially since Movant had signed a plea agreement establishing the relevant conduct. Initial Counsel provided objectively reasonable advice by informing Movant he may lose acceptance of responsibility points if he challenges the relevant conduct.

*Ground 1(c): Initial Counsel rendered ineffective assistance by permitting the Court to make a factual finding on drug amount and waiving Movant's right to a jury trial.*

Movant argues that he had a constitutional right to a jury determination as to the relevant conduct and Initial Counsel rendered ineffective assistance by failing to advise him to proceed to trial. At his change of plea hearing, the Court clearly explained to Movant that if he "didn't want to enter a plea of guilty here today," he would "be entitled to a speedy and public trial by a judge or a jury in this case." *Barris Criminal Case*, Doc. 81 at 8. Movant responded that he understood and waived his right accordingly.

"The Sixth Amendment guarantees criminal defendants a jury trial, but a 'defendant has a right to waive his constitutional right provided such waiver is voluntarily, knowingly and intelligently made.'" *United States v. Williams*, 951 F.3d 892, 899 (8th Cir. 2020) (quoting *Dranow v. United States*, 325 F.2d 481, 482 (8th Cir. 1963)). Movant has provided no evidence to suggest this waiver was involuntary or that Initial Counsel's advising Movant to enter a guilty plea was objectively unreasonable. Finally, waiving his right to a jury trial was not prejudicial given Movant

8

admitted to the relevant conduct and therefore would presumably have been found guilty by a jury and potentially received a longer sentence.

*Ground 1(d): Initial Counsel rendered ineffective assistance by failing to file a direct appeal.*

Movant argues that Initial Counsel rendered ineffective assistance by failing to file a direct appeal. Movant claims that Initial Counsel would not accept calls or answer letters in which Movant requested assistance in filing a direct appeal. The record reflects that Movant mailed a letter to the Court on March 2, 2015 requesting copies of the court file because he was "considering filing an appeal." *Barris Criminal Case*, Doc. 56. The Clerk of Court proceeded to mail Movant the docket sheet and appeal form, which were initially returned as undeliverable. Movant's letter was sent nearly three months after sentencing, well beyond the 14-day deadline for filing a direct appeal. *See* Fed. R. App. P. 4(b)(1)(A); *United States v. Watson*, 623 F.3d 542, 546 (8th Cir. 2010) (holding Rule 4(b) is not jurisdictional but timeliness requirements "remain inflexible"). Movant's statement that he was "considering filing an appeal" long after the deadline for appeal had passed somewhat belies his claim that he had previously attempted to file an appeal.

The Eighth Circuit has clearly held, however, that "[w]here an attorney disregards specific instructions from a defendant to file a notice of appeal, he 'acts in a manner that is professionally unreasonable.'" *Watson v. United States*, 493 F.3d 960, 963 (8th Cir. 2007) (quoting *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000)). This presumption applies even where the petitioner has waived appellate rights as part of a plea agreement. *Id.* at 964. "No showing of prejudice is required in this unique circumstance." *Witthar v. United States*, 793 F.3d 920, 922 (8th Cir. 2015) (citing *Barger v. United States*, 204 F.3d 1180, 1182 (8th Cir. 2000)).

The claimed constitutional injury is that Initial Counsel failed to file a direct appeal to Movant's original sentencing, which occurred on December 15, 2014. This initial sentencing has

9

been rendered a nullity by the resentencing, which occurred on March 20, 2017, following Movant's successful initial habeas petition. Even if Initial Counsel rendered ineffective assistance by failing to file a direct appeal after the first sentencing, such error has been rendered moot by the resentencing. Movant, moreover, did file a direct appeal of the resentencing with assistance of counsel. *Barris Criminal Case*, Doc. 77. While prejudice for failing to file a direct appeal is generally presumed, there is undoubtedly no prejudice here given the initial sentencing has no remaining legal effect.

*Ground 2: FPD Counsel rendered ineffective assistance by failing to file an appeal pursuant to the Supreme Court's decision in* Johnson.

In his second ground for relief, Movant argues that FPD Counsel had a conflict of interest and rendered ineffective assistance by failing to file an appeal pursuant to the Supreme Court's decision in *Johnson v. United States*, 576 U.S. 591 (2015). Specifically, Movant claims that FPD Counsel's office had previously represented a government informant from Movant's criminal prosecution. FPD Counsel ultimately withdrew from representing Movant after recognizing a conflict. *Barris Prior Habeas*, Doc. 11. To establish a Sixth Amendment violation and warrant relief under § 2255, Movant must demonstrate "an actual and demonstrable effect of the conflict . . . not merely an abstract or theoretical one." *Simmons v. Lockhart*, 915 F.2d 372, 378 (8th Cir. 1990). Movant must show that FPD Counsel's prior representation of the informant "made some difference, and that this difference was adverse to [Movant's] defense." *Id.*

On May 18, 2016, FPD counsel advised Movant that, despite *Johnson*, Movant had enough predicate offense convictions to qualify as an armed career criminal under the still valid provisions of the ACCA. (Doc. 24 at 16). FPD Counsel informed Movant that he remained able to retain a private attorney or file a § 2255 petition pro se if he disagreed. (*Id.* at 17). On October 13, 2016,

10

after receiving a letter from Movant, FPD Counsel again advised Movant that he did not qualify for sentencing relief under *Johnson*. (*Id.* at 18).

On December 30, 2016, however, FPD Counsel did in fact file a § 2255 motion arguing that Movant had been erroneously classified as an armed career criminal and career offfender (though for reasons "altogether different" from *Johnson*). *Barris Prior Habeas*, Doc. 10. This Court granted the motion on January 10, 2017 and ordered a new sentencing.

Movant cannot satisfy the requirements of *Strickland* because FPD Counsel's assistance did not prejudice Movant. FPD Counsel was appointed by the Court to determine whether Movant's status may be affected by the decision in *Johnson*. FPD Counsel made such a determination and timely communicated his findings to Movant. Movant has not demonstrated that he was, in fact, eligible for an adjustment pursuant to *Johnson*. Movant also suffered no prejudice because, due to FPD Counsel's efforts, he was resentenced without the armed career criminal enhancement. Movant ultimately received precisely the relief he sought with regard to his status as an armed career criminal, and therefore FPD Counsel's possible conflict did not cause any prejudice.[5]

*Ground 3: Resentencing Counsel rendered ineffective assistance by failing to make arguments that would have resulted in a downward variance.*

In his third ground for relief, Movant argues that Resentencing Counsel rendered ineffective assistance by failing to persuasively argue that Movant should receive a downward variance at the resentencing hearing. Movant apparently requested that Resentencing Counsel discuss issues including the performance of past attorneys, concerns over the relevant conduct

---

[5] Movant argues that Initial Counsel was also ineffective for failing to object to this Court's finding of an ACCA enhancement at the initial sentencing. Movant has already filed a successful § 2255 motion on this issue; there is no remaining prejudice from any ineffective assistance rendered by Initial Counsel on this front.

11

amounts, and Movant's rehabilitative efforts while incarcerated. (Doc. 24 at 12-13). Movant also claims that Resentencing Counsel failed to timely provide Movant a copy of the PSR. *Id.* at 13.

At the resentencing hearing, Resentencing Counsel asked the Court to consider that it had previously granted a downward variance and that Movant had made good use of his time while incarcerated. *Barris Criminal Case*, Doc. 78 at 13-14. Resentencing Counsel also noted that Movant was a "fine advocate for himself." *Id.* Movant extensively discussed his efforts to rehabilitate in prison. *Id.* at 19-23. The Court acknowledged that, at the time of the initial sentencing, the guideline range of 262 to 327 months was too severe and the Court had granted a downward variance accordingly. *Id.* at 24. After examining the § 3553(a) factors and the guideline range at resentencing, however, the Court determined that a downward variance was not justified and that 204 months was an appropriate sentence.

Resentencing Counsel's performance at the resentencing hearing was not "outside the wide range of professionally competent assistance." *Pizzo v. United States*, No. 4:07-CV-614 JCH, 2007 WL 2767211, at *3 (E.D. Mo. Sept. 19, 2007) (quoting *Strickland v. Washington*, 466 U.S. 668, 690 (1984)). While Resentencing Counsel may not have made precisely the arguments that Movant desired, there is no basis for this Court to find that his performance was objectively unreasonable. It was a reasonable strategic decision for Resentencing Counsel to allow Movant to make a strong case for himself at resentencing. "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Strickland*, 466 U.S. at 690.

Movant also has not demonstrated that Resentencing Counsel's performance "undermined the reliability of the outcome of the proceeding." *Odem v. Hopkins*, 382 F.3d 846, 851 (8th Cir. 2004) (quoting *Strickland*, 466 U.S. at 693). A district court's decision whether to depart from the sentencing guidelines is discretionary. *See United States v. Charles*, 389 F.3d 797, 800 (8th Cir. 2004) ("The district court's discretionary decision not to depart is unreviewable."). Even if

Resentencing Counsel had made more compelling arguments on Movant's behalf, Movant provides no evidence that this Court would have granted a downward variance in its discretion. Accordingly, Movant has not suffered prejudice as required under *Strickland*.

*Ground 4: The U.S. Probation Office failed to properly define a prison altercation involving Movant.*

In his fourth ground for relief, Movant argues that the U.S. Probation Office mistakenly classified a prison altercation as an assault causing serious injury. When declining to grant a downward departure at resentencing, this Court noted that Movant had committed a "serious violation" while incarcerated. *Barris Criminal Case*, Doc. 78 at 24-25. Movant claims that the incident did not result in serious injury, contrary to the PSR.

Movant had ample opportunity at resentencing to explain the circumstances of this altercation, and did contend that he only "felt it necessary to defend [himself] at the time." *Id.* at 18. With regard to the PSR, Movant acknowledged at resentencing that he had an opportunity to review the PSR and had no objection to its contents. *Id.* at 10-11. "Solemn declarations in open court carry a strong presumption of verity.'" *United States v. Fitzhugh*, 78 F.3d 1326, 1329 (8th Cir. 1996) (quoting *Blackledge v. Allison*, 431 U.S. 63, 75 (1977)). Movant's current claims are entirely inconsistent with his testimony under oath at resentencing.

Claims regarding the U.S. Probation Office's alleged error, moreover, are not cognizable in this motion under § 2255. Relief under § 2255 is "reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996). Movant in fact brought this claim on direct appeal, but the Eighth Circuit enforced Movant's appeal waiver. *Barris Criminal Case*, Doc. 83. The alleged error does

13

not constitute a violation of Movant's constitutional rights or injury that could not have been raised on direct appeal.

Finally, Movant's guilty plea agreement waived Movant's right to contest the conviction in a § 2255 motion on all claims except those involving prosecutorial misconduct or ineffective assistance of counsel. *Barris Criminal Case*, Doc. 37 at 7. A criminal defendant may waive the right to seek relief under § 2255, and such waiver "is enforceable when the claim raised falls within the scope of the waiver, the defendant knowingly and voluntarily entered into the plea agreement and waiver, and enforcement of the waiver would not result in a miscarriage of justice." *Ackerland v. United States*, 633 F.3d 698, 701 (8th Cir. 2011) (citing *United States v. Andis*, 333 F.3d 886, 889-90 (8th Cir. 2003) (en banc)). In *Andis*, the court explicitly found that "an allegation that the sentencing judge misapplied the Sentencing Guidelines or abused his or her discretion is not subject to appeal in the face of a valid appeal waiver." *Andis*, 333 F.3d at 892. Movant's valid appeal waiver in his guilty plea agreement bars his fourth ground for relief.

*Ground 5: The U.S. Attorney impermissibly threatened a sentencing enhancement.*

In his fifth and final ground for relief, included in an addendum (Doc. 27), Movant argues that the U.S. Attorney impermissibly threatened a sentencing enhancement if Movant proceeded to trial. In a letter to Initial Counsel, the U.S. Attorney noted that, under 21 U.S.C. § 841(b)(1)(viii), Movant could face life in prison without parole if the government were to file both of Movant's prior drug felonies. (Doc. 27 at 3). Movant argues that this enhancement would not have been available since both prior drug felonies were only for possession.[6]

---

[6] Movant also claims that Initial Counsel rendered ineffective assistance by failing to "expose [the U.S. Attorney] in open court." (Doc. 27 at 2). For the reasons discussed here, Initial Counsel's failure to bring this issue to the Court's attention was neither objectively unreasonable nor prejudicial.

14

As Respondent notes, at the time of Movant's initial sentencing, prior felonies for simple possession could serve as a basis for enhancement under 21 U.S.C. § 841(b)(1)(viii). The First Step Act, enacted in 2018, restricted this enhancement to "serious drug felon[ies]." Pub. L. 115-391, Title IV, Section 401(a) (2018). The Eighth Circuit has clearly held that felony possession could constitute a "prior felony drug offense" under the previous version of § 841(b)(1)(viii). *United States v. Jones*, 559 F.3d 831, 837 (8th Cir. 2009). "To constitute fear and coercion on a plea, '[Movant] must show he was subjected to threats or promises of illegitimate action.'" *United States v. Goodman*, 590 F.2d 705, 711 (8th Cir. 1979) (quoting *Ford v. United States*, 418 F.2d 855, 859 (8th Cir. 1969)). There was no threat of illegitimate action because Movant was in fact eligible for an enhancement at the time of sentencing.

## IV.   EVIDENTIARY HEARING

Movant has requested an evidentiary hearing on his § 2255 motion. (Doc. 20). An evidentiary hearing is required "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). "Accordingly, a claim may be dismissed without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994). Alternatively, Movant is entitled to an evidentiary hearing if "the facts alleged, if true, would entitle him to relief." *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996).

Movant is not entitled to an evidentiary hearing because he has not alleged any facts which, if true, would entitle him to relief. In its analysis, this Court has accepted Movant's factual allegations but determined that his claims fail as a matter of law. The Court acknowledges that claims regarding counsel's refusal to file a direct appeal typically warrant an evidentiary hearing.

15

*See, e.g.*, *Watson v. United States*, 493 F.3d 960 (8th Cir. 2007). Here, however, no hearing is required on this issue because the Court accepted Movant's allegation as true but found that the claim related to a null sentencing.

## V.     CONCLUSION

This Court concludes that Movant has not established that he received ineffective assistance of counsel under *Strickland* on Grounds 1, 2 or 3. Movant has waived his right to appeal Ground 4 under § 2255 and, regardless, has not demonstrated a constitutional injury or miscarriage of justice as required to obtain relief. As to Ground 5, Movant has not alleged any illegitimate threat by the U.S. Attorney because Movant was in fact eligible for an enhancement due to his underlying drug possession convictions. Finally, this Court concludes that an evidentiary hearing is not warranted because Movant is not entitled to relief even if his factual allegations are accepted.

Accordingly,

**IT IS HEREBY ORDERED** that Movant Gene Lemay Barris' Third Amended Motion to Vacate, Set Aside or Correct Sentence filed pursuant to 28 U.S.C. § 2255 (Doc. 24) is **DENIED. FURTHER** the Court finds that, because Movant cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834 (1998). A judgment dismissing this case is filed herewith. **IT IS FINALLY ORDERED** that Movant's Motion for an Evidentiary Hearing (Doc. 20) is **DENIED.**

Dated this 7th day of December, 2020.

*[signature: John A. Ross]*
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE